# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Corinne Voeltz, | Civil Action No. 2:16-cv-2971-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Bridge Charleston Investments E, LLC, *et al*. | |
| Defendants. | |
| Bridge Charleston Investments E, LLC, *et al*., | |
| Third-Party Plaintiffs, | |
| v. | |
| Waupaca Elevator Company, Inc., *et al*. | |
| Third-Party Defendants. | |

This matter comes before the Court on Defendant Folly's Best Rentals, Inc. and Folly's Best, Inc. (collectively "Defendants") motion for summary judgment (Dkt. No. 94). For the reasons explained herein, the Court grants Defendants' motion.

## I. Background

Plaintiff Corinne Voeltz alleges that on or about April 4, 2015, she rented a condominium at 113 East Arctic Avenue, Unit C in Folly Beach, South Carolina (the "property"). (Dkt. No. 33 at ¶¶ 17, 32.) On April 4, 2015, Plaintiff allegedly was on the second floor of the property and opened an access door to the elevator. (Dkt. No. 33 at ¶ 33.) Plaintiff then allegedly stepped through the door and fell down the elevator shaft because the elevator was not on the second floor. (Dkt. No. 33 at ¶¶ 33 – 34.) At the time of the incident, the property was owned by Bridge

Charleston Investments E, LLC, ("Bridge Charleston") and was managed by Luxury Simplified Retreats ("Luxury Simplified"). (Dkt. No. 94 – 1 at 7.)

Defendant Folly's Best, Inc. was a temporary staffing agency and was not involved in the management of the property. (Dkt. No. 94-2 at ¶ 3.) Defendant Folly's Best Rental's, Inc. is a management company that managed the property for Judy Markowitz, the prior owner. (Dkt. No. 94-2 at ¶ 4.) However, Folly's Best Rental's was terminated as the property manager on October 10, 2013, after the property was sold to Bridge Charleston on September 8, 2014. (Dkt. Nos. 94-1 at 13; 94-2 at ¶ 7.) At that point, Folly's Best Rental's had no more involvement in managing the property. (Dkt. No. 94-1 at 9.)

Importantly, the elevator had issues prior to Plaintiff's alleged injuries. First, Folly's Best Rental's was informed on October 14, 2013, by their employer, Ms. Markowitz, that the elevator door opened and there was no elevator. (Dkt. No. 94-2 at ¶ 5.) Defendants submitted an affidavit stating that Ms. Markowitz ultimately paid for and oversaw the repairs. (*Id.*) Furthermore, after the sale, an owner of Bridge Charleston experienced the same issue with the elevator, and discussed the issue with Ms. Markowitz. (Dkt. No. 94-1 at 17.)

Plaintiff alleges that Defendants were negligent in their management of the property, that they breached an implied warranty as to the elevator's safety, and that they are strictly liable for her injuries. (Dkt. No. 33.) Defendants move for summary judgment on all claims, and Plaintiff filed an opposition. (Dkt. Nos. 94, 97.)

## II. Legal Standard

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file,

together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### III. <u>Discussion</u>

Defendants have presented admissible evidence that their relationship with the property was terminated no later than October 10, 2014, and had no involvement in Plaintiff renting the property. (Dkt. Nos. 94-1 at 13; 94-2 at ¶ 7.) Defendants have also presented evidence that they were not a party to the sale, and instead were a management company, who had no relationship to either Bridge Charleston or the Plaintiff. (Dkt. No. 94-1 at 9.) Defendants therefore met their threshold burden to demonstrate that there is no issue of material fact that they do not owe any duty to Plaintiff regarding the elevator, especially where Defendants had no involvement in a prior repair of the elevator, were informed the elevator had been repaired, were no longer employed at

-3-

the time issues arose after the sale and had been terminated as property managers over six months prior to the incident at issue. There further is no allegations in the amended complaint or evidence in the record regarding Defendants manufacturing, selling, inspecting, distributing or otherwise managing the elevator that would support Plaintiff's claims for strict liability or breach of warranty. Indeed, the Defendants here are not even specifically mentioned in the Plaintiff's causes of action for strict liability or breach of warranty. (Dkt. No. 33 at ¶¶ 43 – 51.)

Most importantly, Plaintiff has failed to present any admissible evidence to rebut Defendants' motion. Plaintiff's response includes no affidavits or exhibits, and instead conclusorily argues that Defendants had a "duty to properly manage the subject property[,]" to "oversee[] the attempted repair of the elevator," and were "engaged in deferred maintenance." (Dkt. No. 97 at 2 – 3.) Plaintiff, however, has not included any admissible evidence supporting those alleged facts. It is well-settled that when opposing a motion for summary judgment, a nonmoving party must "offer[] 'sufficient proof in the form of *admissible evidence*....'" *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (emphasis added) (citation omitted). Plaintiff has failed to do that here and has not included any evidence, such as documents, depositions, affidavits or otherwise, that supports their opposition.

Finally, Plaintiff argues that this motion is premature because Discovery does not close until November 16, 2018. (Dkt. No. 74.) Defendants were served as of September 12, 2017, and Discovery has been open as to these Defendants since at least September 18, 2017, when the third amended scheduling order was issued. (Dkt. Nos. 45; 46; 53) Plaintiff has not presented any information they discovered during that period that would support her claims against Defendants. Furthermore, Plaintiff failed to file an affidavit specifying what necessary discovery is still outstanding. As the Fourth Circuit held, "[a] party may not simply assert in its brief that discovery

was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f)[1] to set out reasons for the need for discovery in an affidavit." *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995) (citations omitted). Plaintiff instead referred to three upcoming depositions[2] but failed to include any information on how the depositions would affect summary judgment. Indeed, at least one of the individuals, Denise Holtz, does not work for Defendants, and the Court has no information regarding how the two other referenced individuals, Allison Williams and Skip Mulligan, relate to Defendants. Furthermore, while Plaintiff made conclusory reference to possible 30(b)(6) depositions in her brief, there is no indication in the record that any such depositions are planned.[3] Therefore, Plaintiff has failed to present any admissible evidence sufficient to defeat summary judgment.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant Folly's Best Rentals, Inc. and Folly's Best, Inc.'s Motion to Summary Judgment (Dkt. No. 94.)

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 26, 2018
Charleston, South Carolina

---

[1] As of the 2010 Amendments, Rule 56(d) includes the provisions previously in Rule 56(f).

[2] Furthermore, based on the Joint Discovery Status Report, the depositions occurred on August 17, 2018, prior to the Plaintiff filing her Response on August 21, 2018. (Dkt. Nos. 97, 108.)

[3] Defendants represent that as of the filing of their Reply, no such depositions have been noticed. (Dkt. No. 100 at 3 n.1.) Furthermore, in the Parties' recently filed Joint Discovery Status Report, no reference was made to 30(b)(6) depositions regarding the moving Defendants. (Dkt. No. 108.)