IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Corinne Voeltz, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Bridge Charleston Investments E, LLC, ) <br> *et al.*, ) <br> ) <br> Defendants. ) <br> _____) <br> Bridge Charleston Investments E, LLC, ) <br> *et al.*, ) <br> ) <br> Third-Party Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Waupaca Elevator Company, Inc., ) <br> *et al.*, ) <br> ) <br> Third-Party Defendants. ) <br> _____) | Civil Action No. 2:16-cv-2971-RMG <br> <br> **ORDER AND OPINION** |

This matter is before the Court on Coastal Elevators & Lifts, LLC's ("Coastal") motion for summary judgment (Dkt. No. 120). For the reasons set forth below, the Court denies the motion.

I. **Background**

On April 4, 2015, Plaintiff Corinne Voeltz rented a condominium at 113 East Arctic Avenue, Unit C in Folly Beach, South Carolina (the "property"). (Dkt. No. 148-2 at 8 – 9.) On April 4, 2015, Plaintiff was on the first floor (one floor up from the ground floor) of the property and opened an access door to the elevator. (*Id.* at 22 – 23, 34.) Plaintiff then stepped through the door and fell down the elevator shaft because the elevator was not at the floor. (*Id.*) The elevator was manufactured by Defendant Waupaca Elevator Company, Inc. and was purchased and installed in 2008 and 2009 by Defendant Colson Electric & Elevators, Inc. ("Colson"). (Dkt. Nos.

120-1; 120-2; 120-3.) At the time, Defendant Easterlin Company ("Easterlin") was the general contractor, and Defendant JEM Development, LLC was the owner and developer of the property. (Dkt. No. 123-3 at 5 – 6.) The property was later sold and, at the time of the incident, the property was owned by Defendant Bridge Charleston Investments E, LLC ("Bridge Charleston") and managed by Defendant Luxury Simplified Retreats ("Luxury Simplified"). (Dkt. No. 94 - 1 at 7.) Colson ceased operations in 2011. However, in the same year, the then-owner of Colson, Allison Williams, opened Defendant Coastal, the party moving for summary judgment here.

Plaintiff brought claims against Coastal for negligence, strict liability and breach of warranty. (Dkt. No. 33.) Defendants Bridge Charleston and Luxury Simplified, cross-claimants, brought claims against Coastal for negligence, strict liability, breach of implied and express warranty, breach of contract, indemnity and contribution. (Dkt. No. 41.) Finally, Defendant Easterlin, a cross-claimant, brought a claim against Coastal for indemnification. (Dkt. No. 65.)

Coastal moves for summary judgment on all claims solely related to the alleged purchase and installation of the elevator. (Dkt. No. 120 at 5.) Coastal explicitly does not seek summary judgment related to its repair of the elevator in 2014. (*Id.*) Coastal largely argues that it cannot be held liable for the purchase and installation of the elevator in 2008 and 2009 since it did not exist until 2011 and it was Colson, rather than Coastal, that purchased and installed the elevator. Defendant Easterlin opposes the motion. (Dkt. No. 124.) Plaintiff Voeltz initially opposed the motion (Dkt. No. 122), but later clarified that it did not oppose summary judgment on the issue that Defendant Coastal was not the purchaser and installer of the elevator since Williams testified that she installed the elevator, but not while doing business as Coastal. (Dkt. No. 175.)

## II. Legal Standard

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of

law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### III. <u>Discussion</u>

Except for the strict liability causes of action, Defendant Coastal argues exclusively that it cannot be held liable for any of Plaintiff Voeltz or Defendants Bridge Charleston, Luxury Simplified and Defendant Easterlin's causes of action related to the sale and installation of the elevator since it did not exist at the time of sale in 2008 and 2009. (Dkt. No. 120.) However, Defendant Coastal's argument is misplaced, as it can still be held liable for the actions of a predecessor where: "1) there was an agreement to assume such debts, (2) the circumstances

surrounding the transaction warrants a finding of a consolidation or merger of the two corporations, (3) the successor company was a mere continuation of the predecessor, or (4) the transaction was entered into fraudulently for the purpose of wrongfully defeating creditors' claims." *Simmons v. Mark Lift Indus., Inc.*, 622 S.E.2d 213, 215 (2005) (citations omitted). The mere continuation factor applies "when there is commonality of ownership, i.e., the predecessor and successor corporations have substantially the same officers, directors, or shareholders." *Id.* at 215 n.1. *See also Nationwide Mut. Ins. Co. v. Eagle Window & Door, Inc.*, 424 S.C. 256, 818 S.E.2d 447 (2018).

Here, Easterlin presents evidence that Allison Williams was the sole shareholder and owner of Colson Electric when she purchased the company in 2005 until it closed in 2011. (Dkt. No. 124-6 at 5.) Further, Easterlin presented evidence that, at the same time she was closing Colson, Williams opened Coastal and was similarly the sole shareholder and owner. (*Id.*) Neither company has had any other officers or directors. (*Id.*) Coastal attempts to rebut this evidence by arguing that, up until 2005, another individual, Wayne Colson, owned the business. (Dkt. No. 130-5 at ¶ 2.) However, that fact is irrelevant to whether, in 2011, Coastal served as a mere continuation of Colson. Further, Coastal argues, relying on a case from the Western District of Virginia, that the Court should apply a multi-factor test to assess whether Coastal is a "mere continuation" of Colson. *See Dixon Lumber Co., Inc. v. Austinville Limestone Co., Inc.*, 256 F. Supp. 3d 658, 674 (W.D. Va. 2017). However, the test proposed by Coastal does not require commonality of ownership and only asks "whether and to what extent there is an identity of ownership," and instead is a multi-factor test asking whether a company continues the enterprise of a predecessor. *Id.* However, the South Carolina Supreme Court rejected "the enterprise theory of successor liability" and instead "limit[s] the mere continuation exception to cases whether there

is commonality of officers, directors, and shareholders." *Nationwide*, 424 S.C. at 267 – 268.[1]
Therefore, there is a dispute of material fact regarding whether Coastal is a successor to Colson, and Coastal is not entitled to summary judgment as to the claims for negligence, breach of warranty, breach of contract, indemnity and contribution.

Regarding strict liability, both Plaintiff Voeltz and Defendants Bridge Charleston and Luxury Simplified brought a cause of action for strict liability against Coastal as the seller of the elevator.[2] S.C. Code Ann. § 15-73-10 *et seq.* provides for liability against a seller of a defective product in certain circumstances. The Supreme Court of South Carolina explained that the law does "not apply to services." *See In re Breast Implant Prod. Liab. Litig.*, 331 S.C. 540, 546, 503 S.E.2d 445, 448 (1998) (holding health care providers were not "sellers" as the breast implant procedure, though it included a breast implant, was primarily a "service and not a product.") Coastal argues that applies here, as it provides a service, elevator installation, rather than a product. (Dkt. No. 120 at 9.) However, when confronted with similar facts in *Trident Const. Co. v. Austin Co.*, 272 F. Supp. 2d 566, 573 (D.S.C. 2003), *aff'd sub nom. Trident Constr. Co. v. Austin Co.*, 93 F. App'x 509 (4th Cir. 2004), the court denied summary judgment to a construction company that installed pre-fabricated airplane hangars, reasoning that its primary business was "selling *and*

---

[1] The court also held that "commonality of ownership" was "almost always sufficient to establish mere continuation when paired with common directors and officers," though acknowledged that "control" is an essential consideration as well. *Id.* at 269. Regardless, even under the multi-factor test proposed by Coastal, Easterlin still created a dispute of material fact regarding whether Coastal is a successor to Colson. Easterlin presented evidence that the scope of the businesses at the time Colson closed and Coastal opened in 2011 were substantially the same (both service and install elevators), that the service contracts transferred from Colson to Coastal, that only Coastal remained after the transaction, and Coastal retained the same employees, office building and phone number. (Dkt. No. 124-6 at 9 – 19; 125 at 4 – 5.)

[2] Bridge Charleston and Luxury Simplified did not present any evidence opposing this motion. As noted above, Plaintiff Voeltz filed a response noting its limited lack of opposition, but did not submit evidence. (Dkt. No. 175.) Regardless of the lack of evidence in opposition, the Court must assess whether Coastal carried its burden under Rule 56(c).

erecting steel hangars." *Id.* Here, the record evidence creates a dispute of material fact regarding whether Colson, as a potential predecessor to Coastal, was merely in the business of installing elevators or acted as both the seller and installer. For example, the invoices submitted with Coastal's motion demonstrate that its contract was both for the sale of the actual elevator and installation. (Dkt. Nos. 120-1; 120-2; 120-3.) Coastal has failed to demonstrate that it is primarily a provider of services rather than a seller, and therefore is not entitled to summary judgment on the strict liability claims.

Defendant Coastal also seeks summary judgment on Easterlin's claim for indemnification. (Dkt. No. 120 at 9 – 10.) For the same reasons as above, Easterlin's cause of action for indemnity survives summary judgment, as Easterlin created a dispute of fact that that Coastal is the successor to Colson, that Coastal was liable for Plaintiff's damages, that Easterlin was not responsible for the liability, and that Plaintiff suffered damages. *Id.*; *Vermeer Carolina's, Inc. v. Wood/Chuck Chipper Corp.*, 336 S.C. 53, 63 (Ct. App. 1999).

Finally, Coastal argues that the issue of successorship was not properly pleaded. (Dkt. No. 130 at 8 – 11.) However, Easterlin explicitly pleaded successor liability in its crossclaims. (Dkt. No. 65 at ¶ 69.) Plaintiff Voeltz and Defendants Bridge Charleston and Luxury Simplified do not specifically mention successor liability, yet did assert claims against Coastal for installing the elevator. (Dkt. Nos. 33; 41.) In addition to the claim being explicitly pleaded in Easterlin's crossclaims, Coastal also raises this issue for the first time in its reply, and new arguments ordinarily cannot be raised in reply briefs. *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006) ("an argument raised for the first time in a reply brief or memorandum will not be considered.") *citing United States v. Williams*, 445 F.3d 724, 736 n.6 (4th Cir. 2006). Furthermore, a defense regarding sufficiency of the pleadings cannot be raised in

a motion for summary judgment under Rule 56, and, after the motion to dismiss stage, is instead controlled by Rule 12(h)(2). Therefore, the Court does not address the sufficiency of the pleadings.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Coastal Elevators & Lifts, LLC's Motion for Summary Judgment (Dkt. No. 120).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 26, 2019
Charleston, South Carolina