IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Corinne Voeltz, | Civil Action No. 2:16-cv-2971-RMG |
| Plaintiff, | |
| | **ORDER AND OPINION** |
| v. | |
| Bridge Charleston Investments E, LLC, *et al.*, | |
| Defendants. | |
| Bridge Charleston Investments E, LLC, *et al.*, | |
| Third-Party Plaintiffs, | |
| v. | |
| Waupaca Elevator Company, Inc., *et al.*, | |
| Third-Party Defendants. | |

This matter is before the Court on Defendant Easterlin Company's ("Easterlin") motion for summary judgment (Dkt. No. 121). For the reasons set forth below, the Court grants in part and denies in part Defendant Easterlin's motion.

I. **Background**

On April 4, 2015, Plaintiff Corinne Voeltz rented a condominium at 113 East Arctic Avenue, Unit C in Folly Beach, South Carolina (the "property"). (Dkt. No. 148-2 at 8 – 9.) On April 4, 2015, Plaintiff was on the first floor (one floor up from the ground floor) of the property and opened an access door to the elevator. (*Id.* at 22 – 23, 34.) Plaintiff then stepped through the door and fell down the elevator shaft because the elevator was not at the second floor. (*Id.*) The elevator was manufactured by Defendant Waupaca Elevator Company, Inc. and was purchased

-1-

and installed in 2008 and 2009 by Defendant Colson Electric & Elevators, Inc. ("Colson"). (Dkt. Nos. 121-5; 121-6 at 3.) At the time, Defendant Easterlin was the general contractor. (Dkt. No. 121-3 at 3 – 4.) Defendant JEM Development, LLC was the owner and developer of the property. (Dkt. No. 121-3 at 5; 121-8.) The property was later sold and, at the time of the incident, the property was owned by Defendant Bridge Charleston Investments E, LLC ("Bridge Charleston") and managed by Defendant Luxury Simplified Retreats ("Luxury Simplified"). (Dkt. Nos. 94-1 at 7; 121-8; 121-9 at 3 – 4.)

Plaintiff brought claims against Defendant Easterlin for negligence, strict liability and breach of warranty. (Dkt. No. 33.) Easterlin now moves for summary judgment on all claims. (Dkt. No. 121.) Plaintiff Voeltz opposes the motion. (Dkt. Nos. 123, 174.)

## II. Legal Standard

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### III. Discussion

The Supreme Court of South Carolina held that, under S.C.Code Ann. § 15–73–10, South Carolina's strict products liability statute, "a general contractor building a home performs a service and does not sell a product." *Fields v. J. Haynes Waters Builders, Inc.*, 376 S.C. 545, 565, 658 S.E.2d 80, 91 (2008) (holding general contractor not liable for strict liability under statute as it performs a service). It is undisputed that Easterlin's position here was solely as the general contractor. (Dkt. No. 121-3 at 3 – 5.) Therefore, Easterlin is not subject to suit for strict liability since it performed a service and is entitled to summary judgment on Plaintiff's cause of action for strict liability.

Plaintiff Voeltz brings claims of breach of warranty against Easterlin. It is unclear exactly which warranties Plaintiff Voeltz asserts, only mentioning merchantability specificallty. (Dkt. No. 33 at ¶¶ 46 – 51.) However, the South Carolina Supreme Court recognized that the warranties contained in the Uniform Commercial Code ("UCC"), including express, implied warranty of merchantability and implied warranty of fitness for a particular purpose, do not apply to "contracts which are purely for services." *In re Breast Implant*, 331 S.C. at 553. As held above, a general contractor provides a service rather than selling a product. *Fields*, 376 S.C. at 565. Therefore, the warranties under the UCC do not apply to Easterlin. Similarly, it is undisputed that Easterlin was

involved in building the property but did not sell the property. (Dkt. Nos. 121-3 at 7; 121-8.) Therefore, the warranty of habitability does not apply to Easterlin. *See Kennedy v. Columbia Lumber & Mfg. Co.*, 299 S.C. 335, 344, 384 S.E.2d 730, 736 (1989) ("the warranty of habitability arises or springs from the sale of the home.")

Nonetheless, Easterlin is subject to suit under the implied warranty of workmanlike service. *See Id.*: *Smith v. Breedlove*, 377 S.C. 415, 422, 661 S.E.2d 67, 71 (2008) ("A builder who contracts to construct a dwelling impliedly warrants that the work undertaken will be performed in a careful, diligent, workmanlike manner."). While the Supreme Court of South Carolina has not explicitly ruled on the issue, it has strongly indicated that this warranty extends only to subsequent purchasers of the property. *See Id.* ("a *subsequent purchaser* may sue a professional builder on the implied warranty of workmanlike service....") (emphasis added); *Kennedy v. Columbia Lumber & Mfg. Co.*, 299 S.C. 335, 345 (1989) ("Hence, *a purchaser* may sue a builder on his implied warranty of service, despite the purchaser's lack of contractual privity.") (emphasis added). Therefore, as Plaintiff was not the initial or subsequent purchaser of the home, she cannot bring a claim for breach of the implied warranty of workmanlike service, and Defendant Easterlin is entitled to summary judgment on the breach of warranty claim.

However, while the warranty of workmanlike service does not extend to Plaintiff, the Supreme Court of South Carolina has recognized that the duty of general contractor for liability in tort does extend to individuals who will foreseeably occupy a structure. *See Rogers v. Scyphers*, 251 S.C. 128, 134 (1968) ("We think there was a duty on the defendants as builders to use reasonable care in the construction of the home to avoid unreasonable risk and danger to those who would normally be expected to occupy it..."); *Kennedy v. Columbia Lumber & Mfg. Co.*, 299 S.C. 335, 346 (1989) (recognizing in tort "imposition of a legal duty on a builder to refrain from

constructing housing that he knows or should know will pose serious risks of physical harm. We recognized such a duty, which should extend to foreseeable parties, in *Rogers*, 251 S.C. at 134...."). Further, "[a]lthough a general contractor is not automatically responsible for the negligence of a subcontractor, a builder who undertakes to supervise the construction of a building has a duty to exercise reasonable care." *Magnolia N. Prop. Owners' Ass'n, Inc. v. Heritage Communities, Inc.*, 397 S.C. 348, 370 (Ct. App. 2012).

There is a dispute of material fact regarding whether Easterlin breached this duty, and whether the breach proximately caused Plaintiff's injuries. Specifically, there is evidence in the record that while Easterlin was not "on site physically doing work such as hammering...[,]" it would "oversee that type of work." (Dkt. No. 121-3 at 4.) Further, there is evidence in the record that, at the time of construction, the keeper, a component of the electro-mechanic interlock ("EMI"), that helps make sure that the door stays locked when the elevator is operating, was misaligned at the time of installation. (Dkt. No. 174-4 at 5; 172-2; 174-3 at 8.) Indeed, at least one expert tied the misalignment of the keeper to the ability of an individual to open the door even when the elevator was not present. (Dkt. No. 174-4 at 5.) Therefore, there is a dispute of material fact regarding whether Defendant Easterlin breached its duty, and whether that breach proximately caused Plaintiff's injuries, and Easterlin is not entitled to summary judgment on the negligence cause of action.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Easterlin Company's Motion for Summary Judgment (Dkt. No. 121). Easterlin Company's Motion for Summary Judgment is **GRANTED** as to strict liability and breach of warranty. Easterlin Company's Motion for Summary Judgment is **DENIED** as to negligence.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 26, 2019
Charleston, South Carolina