# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Corinne Voeltz, | Civil Action No. 2:16-cv-2971-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Bridge Charleston Investments E, LLC, *et al.* | |
| Defendants. | |
| Bridge Charleston Investments E, LLC, *et al.*, | |
| Third-Party Plaintiffs, | |
| v. | |
| Waupaca Elevator Company, Inc., *et al.* | |
| Third-Party Defendants. | |

This matter comes before the Court on Defendants' motion to bifurcate the punitive damages trial from the trial on liability (Dkt. No. 213). For the reasons set forth below, the Court denies Defendants' motion.

## I. Background

On April 4, 2015, Plaintiff Corinne Voeltz rented a condominium at 113 East Arctic Avenue, Unit C in Folly Beach, South Carolina (the "property"). (Dkt. No. 148-2 at 8 – 9.) That night, Plaintiff was on the first floor (one floor up from the ground floor) of the property and opened an access door to the elevator. (*Id.* at 22 – 23, 34.) Plaintiff then stepped through the door and fell down the elevator shaft because the elevator was not at the floor. (*Id.*) Plaintiff filed suit against Defendants on August 30, 2016. (Dkt. No. 1.) The case is set for trial on April 22, 2019.

(Dkt. No. 146.) Defendants now move to bifurcate the punitive damages trial from the liability trial, relying on S.C. Code Ann. § 15-32-520(A). Plaintiff opposes the motion. (Dkt. No. 231.)

## II. <u>Discussion</u>

The decision whether to bifurcate a trial is controlled by Federal Rule of Civil Procedure 42(b). "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Motions to bifurcate are reviewed for abuse of discretion. *See In re Hutchinson*, 5 F.3d 750, 758 (4th Cir. 1993) ("We review decisions to bifurcate trials for abuse of discretion.") (citations omitted).

Defendants, however, argue that the decision to bifurcate is not discretionary, and instead is mandated by S.C. Code Ann. § 15-32-520(A), which states that "[a]ll actions tried before a jury involving punitive damages, if requested by any defendant against whom punitive damages are sought, must be conducted in a bifurcated manner before the same jury." It is well settled by *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938) that federal courts sitting in diversity "are to apply state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S. Ct. 1136, 1141 (1965). Decisions on whether to bifurcate a trial are procedural rather than substantive. *See Hayes v. Arthur Young & Co.*, 34 F.3d 1072 (9th Cir. 1994) (holding bifurcation is an issue of federal procedural rules) *citing Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 283 (2d Cir. 1990); *Northend Inv'rs, LLC v. S. Tr. Ins. Co.*, 256 F. Supp. 3d 781, 788 (W.D. Tenn. 2017) ("Although a federal court sitting in diversity applies the law of the forum state …the conduct of discovery and bifurcation are matters of federal procedural law.") (citation omitted); *Patel Family Tr. v. AMCO Ins. Co.*, No. 2:11-CV-1003, 2012 WL 2883726, at *2 (S.D. Ohio July 13, 2012) ("numerous federal courts have found that Fed.R.Civ.P. 42(b) controls the issue of bifurcation in federal diversity cases despite the existence of a state law or rule purporting to

substantively govern bifurcation.") (collecting cases). Courts in this District sitting in diversity have similarly applied Rule 42(b) to determine whether to bifurcate. *See Hill v. USA Truck, Inc.*, No. 8:06-CV-1010-GRA, 2007 WL 1574545, at *10 (D.S.C. May 30, 2007) ("Whether to bifurcate a trial is a matter within the sound discretion of the trial judge.") (citation omitted).

Therefore, this Court must follow federal law in determining whether to bifurcate this case rather than S.C. Code Ann. § 15-32-520(A). Rule 42(b) allows for bifurcation for purposes of "convenience, to avoid prejudice, or to expedite and economize...." Defendants have made no showing that any such reason applies here. The Court finds that bifurcation would not provide any convenience, or otherwise expedite or economize the trial. Instead, damages will likely be a central issue in this trial, as the facts regarding the fall down the elevator shaft are largely (though not entirely) undisputed, and bifurcation may lead to a longer trial with an unnecessary overlapping of evidence related to liability and punitive damages. Defendants have further failed to present any evidence or argument that they would be prejudiced by a failure to bifurcate.

**IV.   Conclusion**

For the foregoing reasons, the Court **DENIES** Defendants motion to bifurcate. (Dkt. 213.)

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 17, 2019
Charleston, South Carolina