# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Corinne Voeltz, | Civil Action No. 2:16-cv-2971-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Bridge Charleston Investments E, LLC, *et al.* | |
| Defendants. | |
| Bridge Charleston Investments E, LLC, *et al.*, | |
| Third-Party Plaintiffs, | |
| v. | |
| Waupaca Elevator Company, Inc., *et al.* | |
| Third-Party Defendants. | |

This matter comes before the Court on Plaintiff Corinne Voeltz's Motion in *Limine* to exclude James W. Coaker. (Dkt. No. 158.) For the reasons set forth below, the Court grants Plaintiff's motion.

On October 2, 2018, Defendant Elevator Services of Charleston, Inc. ("ESC"), designated James W. Coaker as an expert witness it expected to call at trial. (Dkt. No. 116.) On February 12, 2019, Plaintiff made a motion in *limine* to exclude James W. Coaker as an expert in this case, stating that Defendant ESC has failed to provide a written report for Coaker. (Dkt. No. 158.) ESC has not responded to Plaintiff's motion.

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use

that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 26(a)(2) requires that "if the witness is one retained or specially employed to provide expert testimony in the case" then the expert disclosure must be "accompanied by a written report[.]" Fed. R. Civ. P. 26(a)(2)(B).[1]

There is no dispute that Defendant ESC failed to provide an expert report for Coaker here. Therefore, the Court must determine whether the failure to provide a report was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). To determine whether the failure to provide the report meets this standard, the Court is guided by the following factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

Here, on the eve of trial, it is clear that the surprise would be great as, by the time the motion was made, the report was delayed by more than four months and there is no indication that Plaintiff, or any party, is aware of the opinions Coaker would present. Second, the Court finds that there is no ability for the party to cure the surprise given the long delay, proximity to trial, and multiple parties and experts in this case who have not had the opportunity to consider Coaker's opinions. Third, to the extent Coaker seeks to opine on the cause of the elevator car being absent

---

[1] The report must include: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

from the landing on April 4, 2015, his testimony would be exceptionally disruptive to the trial, introducing new central issues on which the Parties never had an opportunity to file appropriate motions. Further, regardless of the nature of the opinion, the late disclosure of the opinion would be disruptive. Fourth, as the Court is unaware of the nature of Coaker's opinion, it cannot determine whether the evidence is important. Finally, Defendant ESC has provided no explanation for the nondisclosure. Therefore, weighing the five factors, the Court finds that non-disclosure of Coaker's expert report was neither substantially justified nor harmless. Therefore, Coaker is excluded as an expert witness in this case.

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion (Dkt. 158) and James W. Coaker is excluded from testifying as an expert witness at trial.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 12, 2019
Charleston, South Carolina